UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PENNY CHARNLEY,

        Plaintiff,

v.

THE BOEING COMPANY,

        Defendant.

C07-264Z

ORDER

The Court ORDERS this matter to be remanded immediately to the Superior Court of Washington in and for the County of Snohomish.

Even though Plaintiff has not objected to removal by moving to remand, the Court "has an independent obligation to examine whether removal jurisdiction exists before deciding any issue on the merits." Schwarzer, Tashima & Wagstaffe, FED. CIV. PROC. BEFORE TRIAL, at 2D-11 ¶2:609.5 (citing Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116 (9th Cir. 2004)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

On April 24, 2007, the Court ordered the parties to show cause: (1) why the case should not be remanded for lack of subject matter jurisdiction at the time of removal, (2) why the case should not be remanded for Defendant's failure to file the Notice of Removal within

ORDER  1–

thirty days of Defendant's receipt of the Amended Complaint, and (3) why Defendant should not be ordered to pay Plaintiff fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).  Minute Order, docket no. 13.  Defendant filed a Response to Order to Show Cause, docket no. 14, and a declaration in support thereof, docket no. 15.

Defendant's Notice of Removal states that federal question jurisdiction is the basis for removal.[1]  "In determining the existence of removal jurisdiction based upon a federal question, [the federal court] must look to the complaint as of the time the removal petition was filed."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1065 (9th Cir. 1979).  Plaintiff's First Amended Complaint, which presents only state law claims, was the operative complaint at the time the removal petition was filed, and it remains the operative complaint to this day.  First Am. Compl., docket no. 1.  Plaintiff's First Amended Complaint expressly states that "Plaintiff does not make a claim, at this time, under the FMLA."  Id. at ¶ 4.2.  Defendant's removal petition acknowledges that "the case stated in the Complaint and in the Amended Complaint was not removable."  Notice of Removal, docket no. 1, at 2.

However, Defendant asserts that removal is proper under federal question removal jurisdiction, see 28 U.S.C. § 1441(b), based upon Plaintiff's requests for written discovery that indicate Plaintiff's desire to advance a claim under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. 2601, et seq.  Defendant relies on 28 U.S.C. § 1446(b), which provides: "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or *other paper* from which it may first be ascertained that the case is one which is or has become removable."  Def.'s Resp. at 3 (citing Huffman v. Saul Holdings Limited Partnership, 194 F.3d 1072, 1078 (10th Cir. 1999) and Lovern v. General Motors Corporation, 121 F.3d 160, 163 (4th Cir. 1997)).  Defendant's

---

[1] The Notice of Removal does not mention diversity jurisdiction as an alternative basis for removal – and rightly so.  Diversity clearly does not exist between this Washington resident plaintiff and The Boeing Company.

ORDER  2–

reliance on Huffman and Lovern to support the proposition that federal courts have frequently held that a paper or information exchanged by the parties in discovery constitutes an "other paper" triggering the 30-day period for removal under 28 U.S.C. § 1446(b) is misplaced.  In both Huffman and Lovern, diversity jurisdiction was the basis for subject matter jurisdiction.  The discovery triggering the 30-day removal period under 28 U.S.C. § 1446(b) demonstrated that the amount in controversy exceeded the jurisdictional minimum in Huffman and demonstrated that the citizenship was diverse in Lovern.  Thus, the discovery exchanged in those cases first demonstrated to defendant that the case was removable.  Here, in contrast, the discovery requested by Plaintiff does not demonstrate that the case "is or has become removable" under 28 U.S.C. § 1446(b).  No amount of discovery can alter the fact that Plaintiff's First Amended Complaint does not plead a federal claim.  Indeed, even a postremoval amendment to the complaint would not cure lack of removal jurisdiction at the time of removal.  See Libhart, 592 F.2d at 1065.  Accordingly, the Court lacks subject matter jurisdiction over Plaintiff's First Amended Complaint and remands the matter to state court.

The Court does not remand on procedural grounds because defects in removal procedures are waived unless challenged by a timely motion for remand made within thirty days after the filing of the notice of removal in federal court.  28 U.S.C. § 1447(c); Maniar v. Fed. Deposit Ins. Corp., 979 F.2d 782, 785-86 (9th Cir. 1992) (holding that 28 U.S.C. § 1447(c) limits a district court's power to remand a case sua sponte for a procedural defect).

The Court next turns to the question of whether Defendant should be ordered to pay Plaintiff fees and costs incurred as a result of the removal pursuant to 28 U.S.C. § 1447(c).  The Court declines to award fees because Defendant had an objectively reasonable basis for seeking removal.  Martin v. Franklin Capital Corp., 546 U.S. 132, 126 S. Ct. 704, 711 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

ORDER   3–

IT IS SO ORDERED.

DATED this 8th day of May, 2007.

                                                       /s/ Thomas S. Zilly
                                                      Thomas S. Zilly
                                                      United States District Judge

ORDER  4–